IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:10-cv-1246 |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the issue of prejudgment interest on Counts I and II of the Amended Complaint and Wells Fargo Equipment Finance, Inc.'s ("Wells Fargo") request for entry of final judgment against State Farm Fire and Casualty Company ("State Farm Fire") and State Farm Mutual Automobile Insurance Company ("State Farm Auto") (collectively "State Farm").

I.

Plaintiff Wells Fargo is the loss payee under insurance policies (the "Policies") covering two trucks destroyed by fire on December 13, 2008. Am. Compl. ¶¶ 18-20; Answer ¶¶ 18-20. One truck, Truck 186, is covered under an insurance policy issued by Defendant State Farm Fire, while the second, Truck 923, is covered under a policy issued by State Farm Auto. Am. Compl. ¶¶ 18-19; Answer ¶¶ 18-19. In addition to its status as loss payee, Wells Fargo maintained a security interest in both trucks. Am. Compl. ¶ 15; Answer ¶ 15.

In its capacity as loss payee under the two policies, Wells Fargo filed claims with State Farm on January 6, 2009. Stipulation of Facts ¶ 4. State Farm conducted an investigation and

denied Wells Fargo's claims via letter dated February 22, 2010. Stipulation of Facts ¶ 5. Wells

Fargo brought suit in this Court on November 2, 2010. Wells Fargo amended its Complaint in

December 2010 to include three counts.

In Count I, Wells Fargo seeks recovery from State Farm Fire as a loss payee under the

first policy at issue for Truck 186. In Count II, Wells Fargo seeks recovery from State Farm Auto

as loss payee under the second insurance policy at issue for Truck 923. Finally, in Count III,

Wells Fargo seeks the unpaid balance of its loans from Miriam Trucking, Inc., RODO, Inc., and

Rodolfo Rekle. By Memorandum Opinion dated April 6, 2011, this Court granted Wells Fargo's

Motion for Judgment on the Pleadings against State Farm on Counts I and II ("Coverage

Ruling") (Dkt. No. 35). State Farm filed a protective notice of appeal concerning the Coverage

Ruling on June 15, 2011. In order to expedite appeal of the Coverage Ruling and this Court's

finding on prejudgment interest, the Parties stipulated to the amounts of recoverable damages

under Counts I and II (Dkt. No. 42). The Parties agree that the value of Truck 186, at issue in

Count I, is $112,625.00, while the value of Truck 923, at issue in Count II, is $67,150.00.

Stipulation of Facts ¶¶ 6-7.

## II.

Wells Fargo seeks prejudgment interest with respect to the recoverable proceeds under

Counts I and II. State Farm disputes Wells Fargo's entitlement to prejudgment interest. The

Court finds that prejudgment interest is appropriate in this case.

"Virginia law governs the award of prejudgment interest in a diversity case." *Hitachi*

*Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999). Under the Virginia Code, a

district court "may provide for interest on any principal sum awarded, or any part thereof, and fix

the period at which the interest shall commence." Va. Code Ann. § 8.01-382 (West 2011). A

decision to award prejudgment interest under the Virginia Code is within the sound discretion of the trial court. *See, e.g., Harmon Armstrong & Co. v. Sumitomo Trust & Banking Co.*, 973 F.2d 359, 369 (4th Cir. 1992); *Dairyland Ins. Co. v. Douthat*, 248 Va. 627, 631, 449 S.E.2d 799, 801 (1994). In exercising its discretion, district courts "must weigh the equities in a particular case to determine whether an award of prejudgment interest is appropriate." *Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717, 727 (4th Cir. 2000).

Underlying a court's weighing of the equities are two competing rationales, the first weighs in favor of granting prejudgment interest while the second cautions against its award. The first is a notion that the party, denied use of money to which it is rightfully entitled, should be compensated for that loss, and full compensation includes interest.[1] By contrast, under the second rationale, some courts are reluctant to award prejudgment interest when the legal dispute is bona fide. *See, e.g., Moore Bros.*, 207 F.3d at 727; *Continental Ins. Co. v. Virginia Beach*, 908 F. Supp. 341, 349 (E.D. Va. 1995). Under this line of reasoning, courts find equity counsels against "penalize[ing] the defendants for exercising their right to litigate any bona fide legal questions . . . by imposing on them an obligation to pay a large sum of prejudgment interest." *Hewitt v. Hutter*, 432 F. Supp. 795, 800 (W.D. Va. 1977), *aff'd*, 574 F.2d 182 (4th Cir. 1978). Although the existence of a bona fide dispute has guided some courts against granting prejudgment interest, it does not preclude its award. *See Gill v. Rollins Protective Servs. Co.*, 836

---

[1] This premise finds support in both federal and Virginia jurisprudence. *See, e.g., City of Milwaukee v. Cement Div. Nat'l Gypsum Co.*, 515 U.S. 189, 195 (1995) ("The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss."); *West Virginia v. United States*, 479 U.S. 305, 311 n.2 (1987) (Prejudgment interest "compensate[s] for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress."); *Upper Occoquan Sewage Auth. v. Blake Constr. Co.*, 275 Va. 41, 63, 655 S.E.2d 10, 22 (2008) ("The justification for the award of interest on damages . . . in a civil lawsuit, has been recognized since the earliest days of this Commonwealth: '[N]atural justice [requires] that he who has the use of another's money should pay interest for it.'" (brackets in original) (quoting *Jones v. Williams*, 6 Va. (2 Call) 102, 106 (1799))); *Dairyland*, 248 Va. at 631, 449 S.E.2d at 801 ("Prejudgment interest is normally designed to make the plaintiff whole . . . .") (internal quotations and citations omitted).

3

F.2d 194, 199 (4th Cir. 1987). Rather, the existence of a bona fide legal dispute remains a factor

courts may appropriately consider within their equitable determination. *See Breton, LLC v.*

*Graphic Arts Mut. Ins. Co.*, No. 1:09cv60, 2010 WL 678128, at *4 (E.D. Va. Feb. 24, 2010)

(citing *Gill*, 836 F.2d at 199).

State Farm argues that the legitimate dispute over payment under the Policies in this case

weighs against a grant of prejudgment interest. Central to the contractual dispute between State

Farm and Wells Fargo is whether an owner's intentional destruction of a vehicle constitutes

conversion where that vehicle is subject to a third party lien. The Virginia Courts have not

addressed the issue[2] and this Court conceded that if conversion is construed in its broadest sense,

an intentional act of arson that diminishes a lienholder's interest could come within that

definition.[3] Nonetheless, the Court finds that any prejudicial impact on State Farm's right to

dispute coverage is outweighed by considerations favoring Wells Fargo. *See Breton*, 2010 WL

678128, at *4 (awarding prejudgment interest despite the existence bona fide legal dispute

concerning "disputed [insurance] coverage based on an issue of policy interpretation that was

unsettled under Virginia law"); *Suntrust Mortg., Inc. v. United Guar. Residential Ins. Co. of*

*N.C.*, No. 3:09cv529, 2011 WL 366494 (E.D. Va. Aug. 19, 2011) (finding the equities favored

---

[2] Additionally, State Farm notes that the sole Eastern District Court to address this issue denied the plaintiff's request for summary judgment under a similar clause. *See WFS Fin., Inc. v. State Farm Mut. Auto. Ins.*, Civil Action 01-592-A (E.D. Va. Aug. 7, 2001) (finding "burning of property by an owner in possession, inconsistent with a third party's interest in the property, can also be considered a conversion.") (unpublished memorandum opinion denying summary judgment).

[3] The existence of ambiguity and support for State Farm's interpretation should not distract from the Court's ultimate ruling. Indeed, this Court concluded its Coverage Ruling by noting: "State Farm's proposed construction of [the term conversion] is contrary to the Virginia rules of construction, contrary to the historical intent of standard mortgage clauses and conversion exclusions, and contrary to nearly every court decision on point."

award of prejudgment interest following resolution of an insurance contract dispute in favor the insured).[4]

The equities of this case weigh in favor of Wells Fargo. First, while State Farm benefited from the use of the disputed funds during the course of the disagreement, Wells Fargo has been denied both the benefit of the insurance proceeds and its collateral–Trucks 186 and 923 were destroyed in December 2008. Second, both the amount of the disputed funds, $179,755.00, and the length of time Wells Fargo has been without their benefit are significant. Stipulation of Facts ¶¶ 6-7. Indeed, the fire occurred in December 2008, Wells Fargo initiated its claim in January 2009, and State Farm denied Wells Fargo's claim after a year-long investigation on February 22, 2010. Stipulation of Facts ¶¶ 3-5. By any measure, Wells Fargo has been without the benefit of the Policy proceeds for a significant period.

As such, upon weighing the equities and considering the circumstances of this case, the Court finds the award of prejudgment interest necessary and appropriate. Wells Fargo was entitled to proceeds under the Policies and making Wells Fargo whole requires an award of the Policies' proceeds and prejudgment interest.

The remaining determination is when prejudgment interest should begin. By statute, a trial court retains discretion to "fix the period at which the interest shall commence." Va. Code

---

[4] The cases cited by the Plaintiff do not involve insurance coverage disputes. As did the *Bretton* Court, this Court finds cases cited by the Plaintiff distinguishable on a variety of grounds. *See Bretton*, 2010 WL 678128, at *4 n.5. Specifically, the type of the claim in those cases differs, as does the nature of the party requesting prejudgment interest. *See, e.g., Moore Bros.*, 207 F.3d 717 (construction contract dispute between a contractor and subcontractors); *Continental*, 908 F. Supp. 341 (construction contract dispute between a surety and the City of Virginia Beach); *Hewitt*, 432 F. Supp. 795 (purchasers seeking specific performance of a real estate contract). Although insurance policies are generally treated as any other contract, where ambiguous, as is the case here, policies are construed against the insured. *See United Serv. Auto. Ass'n v. Pinkard*, 356 F.2d 35, 37 (4th Cir. 1966) (Finding that when interpreting insurance policies, "[t]he text writers and the cases from the appellate courts of nearly all the state accentuate the rule that ambiguous and doubtful language must be interpreted most strongly against the insurer.") (quoting *Ayres v. Harleysville Mut. Cas. Co.*, 172 Va. 383, 389, 2 S.E.2d 303, 305 (1939)). As such, the Court finds the cases cited by the Plaintiff that did not involve insurance coverage disputes distinguishable.

Ann. § 8.01-382 (West 2011); *Hannon Armstrong*, 973 F.2d at 369 (citing *Marks v. Sanzo*, 231 Va. 350, 356, 345 S.E.2d 263, 267 (1986)). Wells Fargo requests interest accrue from the date of the fire or in the alternative, the date it submitted its insurance claim to State Farm. At oral argument, counsel for State Farm indicated the appropriate accrual date would be that of the Court's Coverage Ruling. This Court finds the appropriate date from which prejudgment interest should accrue is February 22, 2010.

The investigation following the loss of Trucks 186 and 923 was lengthy, in part due to the lack of cooperation from RODO, Inc., Miriam Trucking, and Rodolfo Tekle. By the terms of the Policies, State Farm had a right to investigate claims and Wells Fargo could not initiate a law suit until that investigation was complete. *See* Am. Compl., Exs. 1 and 2. Wells Fargo does not question the propriety of State Farm's investigation. Therefore, the Court declines Wells Fargo's invitation to impose prejudgment interest during the course of a properly conducted investigation.

Instead, the Court finds that prejudgment interest should accrue from the date of State Farm's decision to deny coverage, February 22, 2010. Stipulation of Facts ¶ 5. On that date, after more than a year of investigation and time to review the Policies' terms, State Farm made its determination. And from that date forward, it is appropriate for State Farm to bear the consequences of its conclusion. It is of no consequence that this Court did not find State Farm's decision in error until April 2011. The decision that allowed State Farm to benefit from funds properly owed to Wells Fargo occurred in February 2010. Accordingly, in order to fully compensate Wells Fargo, this Court finds prejudgment interest shall accrue from February 22, 2010 at the rate of six percent per annum. *See* Va. Code Ann. § 6.2-302 (West 2011).

6

## III.

Plaintiff seeks entry of final judgment against State Farm under Fed. R. Civ. P. 54(b).

Under Rule 54(b), "[w]hen an action presents more than one claim for relief . . . or when

multiple parties are involved, the court may direct entry of final judgment as to one or more, but

fewer than all, claims or parties only if the court expressly determines that there is no just reason

for delay." A court's Rule 54(b) determination requires two steps. *Brashewell Shipyards, Inc. v.*

*Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). "First, the district court must determine

whether the judgment is final." *Id.* "Second, the district court must determine whether there is no

just reason for the delay in the entry of judgment." *Brashwell*, 2 F.3d at 1335. The Court finds

entry of final judgment under Rule 54(b) appropriate.

First, this Court's judgment as to State Farm is final in that it is "an ultimate disposition

of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co.*

*v. Mackey*, 351 U.S. 427, 436 (1956). No further issues remain between Wells Fargo and State

Farm. This Court's Coverage Ruling determined State Farm's obligation to pay under the

Policies and the Parties stipulated to the principal amount owed thereunder. Additionally, this

Memorandum resolves the sole remaining issue of prejudgment interest. Accordingly, the

Court's judgment as to State Farm is final.

Second, there is no just reason for delay in this matter. The Court's determination of State

Farm's liability in Counts I and II is a discrete issue of insurance law, without relation to the

liability of Defendants Miriam Trucking, RODO, Inc., and Rudolfo Tekle under Count III for

default on loan contracts with Wells Fargo. Additionally, the consequences of delay counsel in

favor of issuing final judgment at this time. *See Brashwell*, 2 F.3d at 1336. State Farm appealed

this Court's coverage ruling and explained at oral argument that the Fourth Circuit is waiting for

this Court's final judgment before issuing a briefing schedule. As such, swift resolution of this matter is appropriate.

The Court's judgment as to State Farm is final and there is no just reason to delay resolution further. Therefore, the Court finds entry of final judgment of Counts I and II proper at this time.

IV.

For the above reasons, the Court finds that Wells Fargo is entitled to prejudgment interest at the rate of six percent per annum from February 22, 2010, on the amount payable under the Policies. The Court's ruling on the issue of prejudgment interest resolves Wells Fargo's claims against State Farm in their entirety. Therefore entry of final judgment under Rule 54(b) on Counts I and II is appropriate at this time.

An appropriate Order will issue.

/s/

Liam O'Grady
United States District Judge

October 6, 2011
Alexandria, Virginia